Grimke, J.
It is very evident from the survey made in the cause, that the patent and survey of Peyton under which the defendants .claim, covers the land in controversy. But as the defendants claim under the oldest patent, the complainants, in order *526 to obtain tnat legal title, must show a superior equity to the land. And this would-render it necessary to enter into an inquiry concerning the nature of that title, and among other things to ascertain whether a call for an entry may not be construed to mean a call for a survey.
But there is one circumstance which entirely dispenses with any investigation of that kind, and must cut the case short before arriving at that stage. The defendants in their answer rely expressly npon the statute of limitations as a bar to the complainants’ relief. The complainants, on the other hand, have taken proof, the object of which is to bring them within the saving clause of the statute. But in so doing they have proved too much. They show that not only Thomas Ridley, to whom the patent issued in 1806, never was in the State of Ohio, but that the two persons to whom the property has descended, Francis Ridley and Thomas Ridley, were never either of them in the State of Ohio. This is completely established by the deposition of a witness who proves that Thomas Ridley, the elder, died abroad a great many years ago; that Francis I. and Thomas Ridley were his sole heirs > that Francis *died soon after his father, leaving Francis I. [528 his sole heir, and that neither ho nor Thomas Ridley, Jr., were over in this state. The consequence is, that the case falls directly within the determination already made at this term in the ejectment suit of Whitney v. Webb et al.† The principle there decided was that successsive or cumulative disabilities in different persons are not within the true intent and meaning of the proviso in the statute of limitations; that where the person to whom the right has accrued is beyond the state, the statute does not commence running against him until he comes into the state; but that if he dies abroad, his heirs can not unite their disability to his, so as to bring them within the protection of the law. It was shown in the case I have referred to, that any other construction would involve the greatest absurdity, and be productive of incalculable mischief; that a controversy, instead of having some limit put to it, might be protracted to an indefinite length of time, for each person to whom successively the right accrued, might bo a nonresident, an infant, feme covert, or insane. The principle there determined is then decisive of the present case, and the bill must be dismissed. Bill dismissed.

Ante, 513.